UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE TAYLOR,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KERN COUNTY SHERIFF'S DEPARTMENT, *et al.*,<br><br>　　　　Defendants. | Case No.: 1:25-cv-01299-KES-CDB<br><br>ORDER RETURNING DOCUMENTS LODGED BY PLAINTIFF WITH THE COURT<br><br>Clerk of the Court to Return Lodged Documents to Plaintiff |

Plaintiff Christine Taylor ("Plaintiff"), proceeding pro se and *in forma pauperis*, initiated this action with the filing of a complaint on October 2, 2025. (Doc. 1). On October 14, 2025, the Clerk of the Court received from Plaintiff documents totaling 11 pages, appearing to consist of an exhibit and witness list, County of Kern and Kern County Sheriff's Office records, and identification documents.

**Discussion**

Plaintiff provides no cover page nor any accompanying document explaining the purpose for her transmittal of the documents. Thus, the Court will presume that Plaintiff intends said documents to be accepted as exhibits to her complaint.

Plaintiff is permitted to attach exhibits to her complaint but they are not necessary pursuant to the federal system of notice pleading. *See Ruiz v. Orozco*, No. 1:19-CV-00048-AWI-GSA PC, 2019 WL 13390488, at *1 (E.D. Cal. Feb. 5, 2019) (citing Fed. R. Civ. P. 8(a) & 10(c)).

1       Here, as in *Ruiz*, the Court "strongly suggests to Plaintiff that [exhibits] should not be submitted where (1) they serve only to confuse the record and burden the Court, or (2) they are intended as future evidence." *Id.* If this action reaches a juncture at which the submission of evidence is appropriate and necessary (*e.g.*, summary judgment or trial), Plaintiff will have the opportunity at that time to submit her evidence. *Id.* Additionally, Plaintiff is admonished that it is not the duty of the Court to examine her exhibits to determine whether or not she presents cognizable claims. The Court, instead, will analyze the factual allegations pled in Plaintiff's complaint to determine whether or not she has stated any cognizable claim for relief. *See id.*

Further, the documents Plaintiff purports to lodge with the Court appear to contain significant amounts of sensitive and personal identifying information. Plaintiff is warned that, if she chooses to file such evidence on the docket in the future without first requesting the Court to seal said documents, she may waive any applicable confidentiality thereto, regardless of the relevance of said documents to this action. *See Thomas v. Carrasco*, No. 1:04-CV-05793-MJS PC, 2010 WL 4024930, at *3 (E.D. Cal. Oct. 13, 2010), *aff'd*, 474 F. App'x 692 (9th Cir. 2012) (collecting cases and explaining that privacy rights can be waived).

As the documents Plaintiff seeks to lodge with the Court consist of records containing personal identifying information, which may serve to confuse the record and burden the Court and are not required for the Court to screen Plaintiff's complaint, the Court will return Plaintiff's documents. Plaintiff will have the opportunity to resubmit any such documents if submission becomes appropriate in the future. Plaintiff's complaint was received by the Court and will be screened in due course.

*Remainder of This Page Intentionally Left Blank*

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that:

1. The documents lodged by Plaintiff with the Court on October 14, 2025, SHALL be returned to Plaintiff; and

2. The Clerk of the Court is DIRECTED to return said documents to Plaintiff.

IT IS SO ORDERED.

Dated:   **October 22, 2025**                                  _____
                                                                                    UNITED STATES MAGISTRATE JUDGE

3